## MITCHELL v. CENTRAL MINES DEVELOPMENT CO.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

DISCOVERY—EXAMINATION BEFORE TRIAL—AFFIDAVIT.

Code Civ. Proc. § 872, provides that a party to an action who desires to examine his adversary shall show by affidavit the nature of the action, the substance of the judgment demanded, and that the testimony of the party sought to be examined is material and necessary. An affidavit alleged that the action was brought to procure the cancellation of plaintiff's request for allotment of shares of corporate stock, and for the return of money paid on account thereof, and that the request was based upon certain representations made to him. It then alleged upon information and belief that "the statements and representations by which plaintiff was

induced to make the request  *  *  *  and the terms and conditions on which such request was in fact made by him have not been kept  *  *  * by defendant, but that the same have been violated  *  *  *  in various important and essential particulars." *Held* that, this being a general allegation on information and belief without stating the source of the information or the ground of the belief, and without stating which of the representations were not complied with, it was insufficient to justify an order for defendant's examination.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 70.]

Appeal from Special Term.

Action by George Mitchell against the Central Mines Development Company. From an order denying a motion to vacate an order directing that defendant be examined by plaintiff to obtain information for the purpose of drafting his complaint, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Franklin Pierce, for appellant.

D. W. Armstrong, for respondent.

INGRAHAM, J. Under section 872 of the Code of Civil Procedure it is essential that a party to an action who desires to examine his adversary should show by the affidavit the nature of the action, the substance of the judgment demanded, and that the testimony of the party sought to be examined is material and necessary for the party making such application and for the prosecution or defense of such action. The plaintiff, as a compliance with these requirements, presented to the court an affidavit which alleged that the action was brought to procure the cancellation of plaintiff's request for an allotment of shares in the defendant corporation, and for the return of the sum of £2,000 paid on account thereof; that in the month of December, 1906, or early in the year 1907, plaintiff requested the directors of the defendant corporation to allot to him 10,000 shares of the said defendant company of the par value of £1 each; that the plaintiff has no knowledge as to whether such allotment was ever formally made and the number of shares set apart to and for him; that this request was based upon certain representations made to him as to the affairs of the company; and that by reason of these statements and representations, and in reliance thereon, the plaintiff was induced to make his request for the allotment of said shares. The affidavit then alleges upon information and belief that:

"The statements and representations by which plaintiff was induced to make the request for the allotment of the said shares, and the terms and conditions on which said request was in fact made by him, have not been kept, performed, and observed by the defendant, but the same have been violated, broken, and disregarded in various important and essential particulars; but neither plaintiff nor deponent has sufficient knowledge or information in regard thereto to set up in the complaint herein the facts touching the said breach, violation, and disregard of the said terms, conditions, statements, and representations as fully and definitely as it is necessary should be done in order to properly and adequately state plaintiff's cause of action herein."

The affidavit is not made by the plaintiff, but by the plaintiff's attorney, and this is the only allegation as to the falsity of the rep-

resentations by which the plaintiff was induced to make the request for an allotment of shares of stock of the defendant corporation.

We think this is insufficient to justify the court to require the defendant to be examined to enable the plaintiff to prepare the complaint. There is a general allegation on information and belief without stating the source of the information or the grounds of the belief, and without stating which of the representations were not complied with. Upon this affidavit, as it stands, there is no proof that the plaintiff has any cause of action, nor is any fact stated from which the court can ascertain that the examination would be material and necessary for the plaintiff in the prosecution of the action. To justify an order for the examination of a party before the service of the complaint, the essential requirements are that the facts which appear by the affidavits show that plaintiff has a cause of action, and that the examination of the adverse party is necessary to enable the plaintiff to prepare the complaint. A mere conclusion or allegation upon information and belief without stating the sources of the information or the grounds of the belief is not sufficient, and, as the plaintiff in this case fails to state the facts upon which he bases his allegation that these statements and representations that were made to induce him to request an allotment of the stock were untrue, he was not entitled to an order for the examination of the defendant.

It follows that the order appealed from must be reversed with $10 costs and disbursements, and the motion to vacate the order for the examination of the defendant granted, with $10 costs. All concur.